Bradley E. Schwan, Bar No. 246457
bschwan@littler.com
Guillermo E. Ortiz, Bar No. 284900
gortiz@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Telephone: 310-553-0308
Facsimile: 310-553-5583

Attorneys for Defendant
J.B. HUNT TRANSPORT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ORTIZ, JR., an individual, | Case No. 2:22-cv-8777 |
| Plaintiff, | **DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| v. | |
| J.B. HUNT TRANSPORT INC., a Georgia Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | **[28 U.S.C §§ 1332, 1441, 1446]** |
| | Los Angeles Superior Court Case No. 22NWCV01154 |
| | Complaint Filed: October 28, 2022 |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF SAMUEL ORTIZ, JR., AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant J.B. Hunt Transport, Inc. (hereinafter "Defendant"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California (Central Division). Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. sections 1332 and 1441(b) based on diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action to Federal Court ("Notice of Removal"), Defendant states the following:

## I.    STATEMENT OF JURISDICTION

This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because the amount in controversy in this action exceeds $75,000, and complete diversity exists between the parties, as Plaintiff Samuel Ortiz, Jr. ("Plaintiff" or "Ortiz") is a citizen of the State of California, Defendant is a citizen of the State of Arkansas and the State of Georgia.

## II.   PLEADINGS, PROCESS, AND ORDERS

1.    On October 28, 2022 Plaintiff filed his Complaint in this case in the Superior Court of California for the County of Los Angeles, Southeast District Case No. 22NWCV01154, entitled *SAMUEL ORTIZ, JR., an individual; Plaintiff vs. J.B. HUNT TRANSPORT, INC., a Georgia corporation; and DOES 1 through 50, inclusive; Defendants* (hereinafter, "Complaint"). Plaintiff's Complaint alleges claims for: (1) Discrimination on the Basis of Disability in Violation of FEHA; (2) Retaliation for Complaining of Discrimination and/or Harassment on the Basis of Disability in Violation of FEHA; (3) Failure to Provide Reasonable Accommodation in Violation of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

2

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

FEHA; (4) Failure to Engage in the Interactive Process in Violation of FEHA; (5) Wrongful Termination of Employment in Violation of Public Policy; (6) Whistleblower Retaliation (Labor Code §1102.5); (7) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA; and (8) Intentional Infliction of Emotional Distress. A true and correct copy of the Complaint is attached as "**Exhibit A**" to the Declaration of Bradley E. Schwan in Support of Removal ("Schwan Decl.").

2. Plaintiff was employed by Defendant at all times relevant to this action. Declaration of Mark Jostad in Support of Defendant's Notice of Removal To Federal Court ("Jostad Decl.") ¶4.

3. The website for the Superior Court of California-County of Los Angeles shows that on October 28, 2022, Plaintiff filed his Complaint in the Los Angeles Superior Court. A true and correct copy of the Plaintiff's Complaint is attached as "**Exhibit A**" to the Schwan Declaration, filed concurrently herewith. (Schwan Decl. ¶ 2, Exh. A.)

4. The website for the Superior Court of California-County of Los Angeles shows that on October 28, 2022, Plaintiff filed a Summons on Complaint. A true and correct copy of this Summons on Complaint is attached as "**Exhibit B**" to the Schwan Declaration, filed concurrently herewith. (Schwan Decl. ¶ 3, Exh. B.)

5. The website for the Superior Court of California-County of Los Angeles shows that on October 31, 2022, Plaintiff filed a Notice of Case Management Conference. A true and correct copy of this Notice of Case Management Conference is attached as "**Exhibit C**" to the Schwan Declaration, filed concurrently herewith. (Schwan Decl. ¶ 4, Exh. C.)

6. According to Plaintiff's Proof of Service filed on November 8, 2022, the Defendant was served via personal service, with the Complaint, along with copies of the Summons, Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information Package, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum on November 3, 2022. True and correct copies of the Complaint, along with copies of the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

3

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Summons, Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information Package, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum served on the Defendant's Agent Authorized to Accept Service of Process Location are attached as **"Exhibit D"** to the Schwan Declaration, filed concurrently herewith. (Schwan Decl. ¶ 5, Exh. D.)

7. The website for the Superior Court of California-County of Los Angeles shows that on October 28, 2022, Plaintiff filed a Notice of Case Assignment – Unlimited Civil Case. A true and correct copy of this Case Management Assignment – Unlimited Civil Case is attached as **"Exhibit E"** to the Schwan Declaration, filed concurrently herewith. (Schwan Decl. ¶ 6, Exh. E.)

8. The website for the Superior Court of California-County of Los Angeles shows that on October 28, 2022, Plaintiff filed a Civil Case Cover Sheet. A true and correct copy of this Civil Case Cover Sheet is attached as **"Exhibit F"** to the Schwan Declaration, filed concurrently herewith. (Schwan Decl. ¶ 7, Exh. F.)

9. The website for the Superior Court of California-County of Los Angeles shows that on October 28, 2022, Plaintiff filed a Certificate of Mailing. A true and correct copy of this Certificate of Mailing is attached as **"Exhibit G"** to the Schwan Declaration, filed concurrently herewith. (Schwan Decl. ¶ 8, Exh. G.)

10. Pursuant to 28 U.S.C. § 1446(a), the attached **Exhibits A** through **G** constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed and served by any party in the Superior Court of the State of California, County of Los Angeles, for this matter. To Defendant's knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of Los Angeles. (Schwan Decl., ¶¶ 2-9)

11. As is set forth more fully below, based on the allegations of the Complaint and other evidence collected by Defendant, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

4

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the amount in controversy exceeds $75,000. Therefore, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

### III. VENUE

12. This action was filed in the Superior Court for the State of California for the County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441 and 1446.

### IV. TIMELINESS OF REMOVAL

13. An action may be removed from state court by filing a notice of removal together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (*the thirty-day removal period runs from the service of the summons and complaint*) (emphasis added).

14. According to the Proof of Service filed by Plaintiff on November 8, 2022, Plaintiff served the summons and complaint on Defendant's registered agent authorized to accept service of process. (Schwan Decl., ¶ 5, Exh. D.)

15. This Notice of Removal, therefore, is timely because this Notice of Removal has been timely filed within thirty days of November 3, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C); 28 U.S.C. § 1446(b); *Murphy Bros.*, 526 U.S. at 354 (thirty-day removal period does not "slip away before service of a summons" due to unofficial notice of a complaint). As referenced above, this Notice of Removal also contains all process, pleadings and orders served on Defendant. (Schwan Decl., ¶¶ 2-9, Exh. A-G.)

16. This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on October 28, 2022.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

5

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## V. DIVERSITY JURISDICTION

17. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

18. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity Of Citizenship

#### 1. Plaintiff Is A Citizen Of California

19. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); s*ee District of Columbia v. Murphy,* 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 WL 744709, *7 (E.D. Cal., Mar. 18, 2008) (maintaining a place of residence provides a prima facie case of domicile); *Gutterman v. Wachovia Mortgage*, 2011 WL

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

6

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

2633167, *1 (C.D. Cal., Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California).

20. Plaintiff alleges that at all times mentioned in the Complaint, Plaintiff "was employed by Defendant in the City of South Gate, County of Los Angeles, California" *See* Complaint ("Compl."), ¶ 1. Based on review of Plaintiff's employment records, Plaintiff was domiciled in California throughout the time he worked for Plaintiff. Jostad Decl., ¶ 5. Plaintiff's last known address is located in Ontario, California. *Id.* Defendant therefore is informed and believes that Plaintiff is a citizen of the State of California. *Kanter,* 265 F.3d at 857.

### 2. Defendant Is A Citizen Of Georgia And Arkansas

21. In determining diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted.) *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

22. At the time of filing this action and at all times relevant to the allegations contained in Plaintiff's Complaint, Defendant was, and still is, a corporation incorporated under the laws of Georgia. Jostad Decl. ¶¶ 6-7. Its headquarters and principal place of business was, and is, in Arkansas. Jostad Decl. ¶¶ 8-9.

23. Defendant's corporate headquarters is in Lowell, Arkansas. Executives primarily work out of offices at the Lowell, Arkansas headquarters, where Defendant centralizes its administrative functions and operations. Jostad Decl., ¶ 9. Lowell,

Arkansas is the actual center of direction, control and coordination for Defendant's operations. *Id.*

24. Defendant therefore, is a citizen of the State of Georgia and the State of Arkansas. *Breitman,* 37 F.3d at 564.

### 3. Citizenship Of Doe Defendants Should Be Disregarded

25. For purposes of removal, citizenship of DOE defendants is disregarded and only named defendants are considered. 28 U.S.C. section 1441(b); *Newcombe v. Adolph Coors*, 157 F.3d 686, 690-691 (9th Cir. 1998); *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Defendants designated as Doe and DOES 1 through 50 are fictitious defendants, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. section 1441.

### B. Amount In Controversy Exceeds The Jurisdictional Prerequisite

26. Plaintiff alleges in his Complaint that he is seeking general and compensatory damages; special damages according to proof; punitive damages; prejudgment interest on all amounts claimed that are readily ascertainable; costs and attorneys' fees pursuant to Gov't Code section 12965(b); and for such other and further relief that the court considers proper for the First, Second and Third Causes of Action (Compl., Prayer for Relief, ¶¶ 18-39.)

27. Plaintiff alleges in his Complaint that he is seeking general and compensatory damages; special damages according to proof; punitive damages; prejudgment interest on all amounts claimed that are readily ascertainable; attorneys' fees and costs pursuant to Gov't Code section 1021.5; and for such other and further relief that the court considers proper for the Fourth, Fifth and Sixth Causes of Action (Compl., Prayer for Relief, ¶¶ 40-61.)

28. Plaintiff alleges in his Complaint that he is seeking general and special damages according to proof; exemplary damages; pre-judgment and post-judgment interest on all damages awarded; reasonable attorneys' fees and costs pursuant to Gov't

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

8

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  Code section 1021.5; and for such other and further relief that the court considers proper
2  for the Seventh and Eighth Causes of Action (Compl., Prayer for Relief, ¶¶ 62-75.)

3        29.    Accordingly, the amount in controversy requirement is met. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (if the state court complaint expressly seeks more than $75,000, removal on the basis of diversity will be allowed); *K. Durant Enterprises, LLC v. Swanson Travel Professionals, Inc.*, 2014 WL 545843, *2 (C.D. Cal. 2014) (a general conclusory allegation that the damages exceed the minimum jurisdictional limit is sufficient).

      30.    Even if Plaintiff had not alleged the amount of his damages, Plaintiff's allegations establish that the amount in controversy exceeds the jurisdictional requirements. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 551, 190 L. Ed. 2d 495 (Dec. 15, 2014) (*citing* 28 U. S. C. §1446(a)). Moreover, Defendant need not submit evidence to support a notice of removal. *Id.* at 553. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.") However, even if an evidentiary showing were required, a defendant only need to show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Id.* at 554. Importantly, as the Court in *Dart* instructed, there is no anti-removal presumption. *Id.*

      31.    Defendant denies the validity and merits of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based and the allegations for monetary and other relief requested. By demonstrating that the actual amount in controversy placed at issue by Plaintiff exceeds the $75,000 threshold,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

9

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Defendant does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

32. Plaintiff seeks damages on his discrimination and retaliation claim for, but not limited to, past and future economic loss, including lost earnings. *See* Compl. ¶¶ 49 - 69, 142, Prayer for Relief ¶¶ 1 - 6. During his employment from September , Plaintiff earned $160,495.96, or approximately $3,343 per month ($160,495.96/48 months = $3,343 per month). Jostad Decl. ¶ 4.

33. There were approximately 27 months between September 2020, the date Plaintiff alleges he was terminated in his Complaint, and the filing of this Notice of Removal. Assuming, *arguendo*, that Plaintiff can recover economic damages for disability discrimination or retaliation for this time period, the amount of back pay in controversy for this period, would total at least **$90,261**.[1] Thus, Plaintiff has placed into controversy more than $75,000 on this category of damages alone and without considering any of Plaintiff's other alleged damages for emotional distress, attorney fees, unpaid wages, and penalties. Accordingly, Defendant has carried the burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum

## VI. NOTICE TO PLAINTIFF AND STATE COURT

34. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

---

[1] 27 months x $3,343 = $90,261

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

10

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

| | | |
|---|---|---|
| Dated: | December 2, 2022 | Respectfully submitted, |
| | | LITTLER MENDELSON, P.C. |
| | | |
| | | */s/ Bradley E. Schwan* |
| | | Bradley E. Schwan |
| | | Guillermo E. Ortiz |
| | | Attorneys for Defendant |
| | | J.B. HUNT TRANSPORT INC. |

4891-4372-9216.1 / 023293-1863

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310-553-0308

11

DEFENDANT J.B. HUNT TRANSPORT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT