Jake D. Finkel, Esq. (SBN 293954)
Eugene Feldman, Esq. (SBN 118497)
**THE FINKEL FIRM**
3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010
Tel: (213) 787-7411
Fax: (323) 916-0521
Email: jake@finkelfirm.com
gene@finkelfirml.com

Attorneys for Plaintiff,
SAMUEL ORTIZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SAMUEL ORTIZ;

Plaintiff,

vs.

J.B. HUNT TRANSPORT, INC.; and DOES 1 to 100, inclusive,

Defendants.

Case No.: 2:22−cv−08777−AB−PLA

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**

**(1) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**

**(2) RETALIATION FOR COMPLAINING OF DISCRIMINATION AND/OR HARASSMENT ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**

**(3) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;**

**(4) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**

**(5) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF**

**FEHA;**

**DEMAND FOR JURY TRIAL**

Plaintiff, SAMUEL ORTIZ, alleges, on the basis of personal knowledge and/or information and belief:

**SUMMARY**

This is an action by plaintiff, SAMUEL ORTIZ ("Plaintiff" or "Mr. Ortiz"), whose employment with defendant, J.B. Hunt Transport Services, Inc. ("Corporate Defendant" or "J.B. HUNT"), was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

**PARTIES**

1. *Plaintiff:* Plaintiff, Mr. Ortiz is, and at all times mentioned in this Complaint was, a resident of the County of San Bernardino, California.

2. *Defendants:* Corporate Defendant J.B. Hunt is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 5650 Southern Avenue, South Gate, CA, 90280.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes,

and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5. Defendant J.B. Hunt directly and indirectly employed Plaintiff, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, defendant J.B. Hunt compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:* Plaintiff, Mr. Ortiz, began his employment with corporate defendant in or around 2017, as a truck driver. Plaintiff's duties included but were not limited to: operating forklifts, operating pallet jacks, and completing deliveries.

9. *Plaintiff's job performance:* Throughout his employment, Plaintiff performed consistently and met company expectations.

10. *Plaintiff's protected status and activity:*

a. Plaintiff suffered from several physical disabilities including but not limited to pneumonia and chronic obstructive pulmonary disease ("COPD").

b. Due to his physical disabilities, plaintiff was substantially limited in the major activity of breathing.

c. Plaintiff was a qualified individual with a disability as defined by Government Code 12926.

d. At all times herein mentioned plaintiff was capable of performing the essential functions of his job with or without reasonable accommodations.

e. Plaintiff had work restrictions requiring reasonable accommodations including medical leave.

11. *Defendants' adverse employment actions and behavior:*

a. On or around January 31, 2019, while making a routine delivery, Mr. Ortiz encountered storm-like winter weather. Upon arriving at his delivery location, Mr. Ortiz encountered a backlog that required him to remain at the location for approximately seven (7) hours. Per defendant's policies regulations Mr. Ortiz was not allowed to keep the truck and heater on for the duration of his wait. Mr. Ortiz was concerned that waiting seven

hours without access to the heater in his truck would jeopardize his health. Waiting this length of time was also not productive. Mr. Ortiz contacted his dispatcher. He told the dispatcher about how the extreme weather was impacting him and causing a lengthy delay. Mr. Ortiz requested a different route but was denied permission. Mr. Ortiz waited seven hours without access to heat in his truck.

b. On or around February 1, 2019, Mr. Ortiz felt unwell. Consequently. Mr. Ortiz called his immediate supervisor, Patrick Cojones ("Mr. Cojones") and notified him that he would be unable to come to work due to illness.

c. That same day, February 1, 2019, Mr. Ortiz sought medical treatment. After being seen by a doctor, Mr. Ortiz was diagnosed with pneumonia and was required to remain under medical supervision for approximately eight (8) days. Mr. Ortiz's spouse, Maria Concepcion Ortiz ("Maria"), informed Mr. Cojones of Mr. Ortiz's hospitalization and provided almost daily updates regarding Mr. Ortiz's condition throughout his hospitalization.

d. Mr. Ortiz was ordered by his treating physician to take a four-month medical leave in February 2019 because of residual problems from pneumonia. Breathing was difficult due to chronic respiratory issues and aggravated COPD. Mr. Ortiz did not want to be away from work but followed his physician's instructions.

e. In or around June of 2019, Mr. Ortiz was re-examined by his primary care physician. Mr. Ortiz's doctor concluded that Mr. Ortiz's respiratory issues had not improved enough for him to return to work. Mr. Ortiz was ordered to remain on medical leave for an additional two months. Mr. Ortiz forwarded his doctor's diagnosis to defendant's human resources department immediately following the assessment.

12. *Defendants' termination of plaintiff's employment:*

a. In or around September of 2019, while still on his medical leave, Mr. Ortiz received a cashier's check that listed the corporate defendant's address on it. Mr. Ortiz contacted defendant's human resources department. Mr. Ortiz was told that the check he received would be his last and that he would no longer be considered an employee of

Corporate Defendant. Mr. Ortiz asked why he was being terminated, he was told his position as a truck driver was no longer available. No further information nor documentation was ever provided to Mr. Ortiz.

b. As a result of the harassment, discrimination and retaliation and eventual wrongful termination of his employment, Plaintiff has suffered economic damages in the form of wage loss. Additionally, Plaintiff has suffered emotional distress because of Defendants' malicious conduct toward him.

13. *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

14. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

15. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his age, disability, medical leave, national origin, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his age, disability, medical leave, national origin, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

**FIRST CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*)**

**(Disability Discrimination)—Against Defendant JB HUNT.,**

**and Does 1 to 100, Inclusive)**

18. The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19. Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.*, were substantially motivating factors in defendants' decision to terminate plaintiff's employment, not to

retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

20. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of physical disability and/or other protected characteristics, in violation of Government Code section 12940(a);

b. Failing to accommodate plaintiff's actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(m);

c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(k);

e. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

f. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

21. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

22. As a proximate result of defendants' willful, knowing, and intentional discrimi-

nation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

23. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

24. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

**SECOND CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12900, *et seq.*)**

**(Retaliation for Complaining of Disability Discrimination and/or Harassment)—Against Defendants JB HUNT and Does 1 to 100, Inclusive)**

25. The allegations set forth in paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.*, were substantially motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

27. Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a. Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of physical disability and/or other protected

characteristics, in violation of Government Code section 12940(a);

b. Failing to accommodate plaintiff's actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(m);

c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d. Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of physical disability and/or other protected characteristics, in violation of Government Code section 12940(j);

e. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

f. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

g. Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

28. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

30. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

**THIRD CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12940(a), (i), (m), (n)) (Failure to Provide Reasonable Accommodation)—**

**Against Defendant JB HUNT, and Does 1 to 100, Inclusive)**

32. The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

34. Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability. Defendants used plaintiff's disability and his need to take medical leave as an excuse for terminating plaintiff's employment.

35. Plaintiff believes and on that basis alleges that his disability and the need to accommodate his disability were substantial motivating factors in defendants' termination of his employment.

36. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

37. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

38. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable

attorneys' fees and costs (including expert costs) in an amount according to proof.

39. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

**FOURTH CAUSE OF ACTION**

**(Failure to Engage in Interactive Process (Government Code § 12940(a), (i), (m), (n))—Against Defendant JB HUNT, and Does 1 to 100, Inclusive)**

40. The allegations set forth in paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

41. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

42. Defendants wholly failed to engage in a timely, good-faith interactive process with plaintiff to accommodate his known disabilities. Instead, defendants terminated plaintiff's employment in part because of his disabilities.

43. Plaintiff believes and on that basis alleges that his disability was a substantial motivating factor in defendants' termination of his employment.

44. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

45. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

46. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

47. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

**FIFTH CAUSE OF ACTION**

**(Violation of FEHA (Government Code § 12940(k) (Failure to Prevent Discrimination, Harassment, and Retaliation)— Against Defendant JB HUNT and Does 1 to 100, Inclusive)**

48. The allegations set forth in paragraphs 1 through 47 are re-alleged and incorporated herein by reference.

49. At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Prior to filing the instant Complaint, plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

50. During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*i.e.*, his age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, and/or sexual orientation). During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or other protected statuses or protected activities.

51. Plaintiff believes and on that basis alleges that his age, disability, medical leave,

race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or other protected status and/or protected activity were substantial motivating factors in defendants' employees' discrimination and retaliation against him.

52. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

53. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

54. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

55. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

**PRAYER**

WHEREFORE, plaintiff, Mr. Ortiz, prays for judgment against defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Ms. Ortiz demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated:October 2, 2023 THE FINKEL FIRM

By: ______________________________

JAKE D. FINKEL, ESQ.
EUGENE FELDMAN, ESQ.
Attorneys for Plaintiff,
SAMUEL ORTIZ